UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 14-5600-MWF (PLAx)     Date: March 1, 2016
Title:   Charles Antuna et al. -v- County of Los Angeles et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF ROCIO MARTINEZ'S REQUEST FOR A NEW TRIAL [319]

Before the Court is Plaintiff Rocio Martinez's Motion for a New Trial filed on January 15, 2016 ("Motion"). (Docket No. 319). On January 25, 2016, Defendant Leroy Baca filed an Opposition to the Motion ("Opposition") (Docket No. 323). Plaintiff did not file a Reply to the Opposition.

The Court held a hearing on the Motion on **February 22, 2016**. Considering the papers and the arguments of counsel at the hearing, the Motion is **GRANTED**. Rule 49(b), which applies to general verdicts, is inapplicable, and Plaintiff therefore did not waive her objection to the special verdict by failing to object before the jury was discharged. Furthermore, under Rule 49(a), which applies to special verdicts, Plaintiff did not waive her objection in the absence of a meaningful opportunity to object before the jury retired. Most importantly, the Court is not willing to penalize Plaintiff Martinez for the mistake of, primarily, the Court and, secondarily, her lawyers.

## BACKGROUND

The Court has laid out a detailed summary of this case in its Order filed September 30, 2015 (Docket No. 135), and does not repeat those facts here. The Court does, however, briefly relate the proceedings at trial that are relevant to this Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 14-5600-MWF (PLAx)**          **Date:  March 1, 2016**
**Title:**     Charles Antuna et al. -v- County of Los Angeles et al.

Plaintiff Martinez, along with seven co-Plaintiffs, brought suit against former Sheriff Leroy Baca under 42 U.S.C. § 1983 for First Amendment retaliation.  A jury trial began on November 17, 2015.  The Court instructed the jury and counsel delivered closing arguments on Friday, December 11, 2015.  The jury, however, decided to begin deliberations the following week on Monday, December 14, 2015.

Outside of the jury's presence, the Court and the parties agreed to revise the Special Verdict Form for Plaintiff Martinez so that the line item "Past, present, and future medical damages" would be substituted for line items "Past and present economic damages" and "Future economic damages."  By clerical error, the line items for "Past and present non-economic damages" as well as "Future non-economic damages," which had been included in previous drafts distributed to the parties, were inadvertently omitted during these revisions.  Therefore, the final version of the Special Verdict Form that the Court distributed to the jury the morning that deliberations began was mistaken—it did not include a question and answer for the jury to award Plaintiff non-economic damages.  The final Special Verdict Form was also distributed by e-mail and in person to counsel for both parties on the morning of Monday, December 14th.  To the extent that this appears in dispute based on the briefs, the Court **FINDS** that the parties received the erroneous Special Verdict Form that morning, based on the declarations of defense counsel and the Court's own recollection.

On December 15, 2015, the jury returned a verdict in favor of Plaintiff and awarded Plaintiff $3,000 in economic damages.  (Docket No. 282).  Each of the Special Verdict Forms was read in open court, including the Form for Plaintiff Martinez.  The other seven co-Plaintiffs, whose Special Verdict Forms included a line item for non-economic damages, were awarded non-economic damages ranging between $28,000 to $75,000.  (Docket Nos. 280, 284, 286, 288, 290, 292, 294).  In addition, as to each Plaintiff, the jury found that punitive damages should be awarded against Sheriff Baca "on the basis of malice, oppression, or reckless disregard."  (*Id.*).  In the second phase of trial, after receiving a "Summary of the Evidence" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-5600-MWF (PLAx)     Date:  March 1, 2016
Title:    Charles Antuna et al. -v- County of Los Angeles et al.

instructions regarding punitive damages, the jury returned a verdict awarding punitive damages in the amount of $45,000 to each Plaintiff.  (Docket No. 271, 296–97).

## DISCUSSION

Plaintiff's Motion requests that the Court (1) alter its Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) or 59(e) and issue an additur; or alternatively, (2) grant a new trial pursuant to Rule 59(a).

Plaintiff first relies on Rule 60(b)(1) and Rule 59(e) to request an additur to the compensatory damages that the jury awarded her.  (Motion at 1–4).  It is well-established, however, that federal practice does not permit the use of additur when the amount of damages is disputed.  *DePinto v. Provident Sec. Life Ins. Co.*, 323 F.2d 826, 837 (9th Cir. 1963) ("[I]nsofar as the Seventh Amendment right to a trial is concerned, the reasoning which forbids additur just as clearly forbids an unconditional award of damages in excess of a jury verdict in an amount which, although agreeable to plaintiff, is not consented to by defendant.").  The Court cannot award damages in excess of the jury verdict unless Defendant consents.  *AMCO Ins. Co. v. Eureka Oxygen Co.*, 585 F. App'x 544, 545 (9th Cir. 2014) (affirming district court's denial of motion for additur when defendant did not consent).  Because there is no agreement on the amount—Defendant argues the amount is zero—the Court cannot set aside the jury verdict on the ground that the award of damages was inadequate due to clerical error.  Defendant may be willing to stipulate to an additur in lieu of a new trial, but that is Defendant's choice.

Plaintiff moves in the alternative under Rule 59(a) for a new jury trial on her non-economic damages.  (Motion at 6–7).  Plaintiff also suggests trying this issue before the Court instead of a jury if Defendant is willing to waive their right to a jury trial for expediency.  (*Id.* at 8).  Rule 59(a) permits the Court to "grant a new trial on all or some of the issues–and to any party" "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ."  Fed. R. Civ. P. 59(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-5600-MWF (PLAx)	Date:  March 1, 2016
Title:	Charles Antuna et al. -v- County of Los Angeles et al.

"The drafters of the rules found that it was impracticable to enumerate all the grounds for a new trial." 11 Charles A. Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2805 (3d ed. & 2015 Supp.). But the general grounds for a new trial include that "the trial was not fair." *Id.* ("It has been said that the general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive, or that for other reasons the trial was not fair, and that the motion also may raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions."). The Court "has the power and duty to order a new trial whenever, in its judgment, this action is required in order to prevent injustice." *Id.*

A clerical error as is the case here justifies a new trial because of the resulting prejudice to Plaintiff's substantial right to non-economic compensatory damages after the jury found liability in her favor. *Id.* ("[I]t is only those errors that have caused substantial harm to the losing party that justify a new trial. Those errors that are not prejudicial do not call for relief under Rule 59."); *see also DePinto*, 323 F.2d at 838 ("The trial court does have power, where the record warrants, to set aside a jury verdict for plaintiff, on the ground that the jury award of damages is inadequate. But when that is done the only recourse is to grant a new trial.").

In his Opposition, Defendant claims that it is far from certain that, but for the error, Plaintiff would have received non-economic compensation. (Opposition at 11–12 ("The defense put on plenty of evidence that Ms. Martinez did not suffer any damage and there is enough in the record justifying that even if there was liability that a reasonable compensatory award would be $3,000 in compensatory damages.")). But the seven other Special Verdict Forms included a line item permitting the jury to award non-economic damages. And in each of these instances, the jury awarded that particular Plaintiff non-economic damages, which ranged from $28,000 to $75,000. The Court cannot conclude that the jury would not have awarded any non-economic damages to Plaintiff Martinez.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 14-5600-MWF (PLAx)            Date:  March 1, 2016
Title:     Charles Antuna et al. -v- County of Los Angeles et al.

The thrust of Defendant's opposition to a new trial is that Plaintiff waived any alleged deficiency in her Special Verdict Form by failing to raise the issue until after the jury had rendered its verdict and been discharged. (Opposition at 8). Defendant points out that Plaintiff's counsel received both print and electronic copies of the final Special Verdict Form the morning that the jury began to deliberate. (*Id.* at 4). Furthermore, when the jury posed a question regarding punitive damages on the Special Verdict Form after several hours of deliberation, Plaintiff's counsel had yet another opportunity to review the Special Verdict Forms. (*Id.*). On the second day of deliberations in phase one, the jury reached a verdict. (*Id.*). After the clerk read each verdict form aloud, the jury was given a lunch break and counsel were invited to examine the executed Special Verdict Form. (*Id.* at 4–5). Following the second phase of trial, the Court also asked counsel whether there were any additional issues to raise before the Court discharged the jury from service. (*Id.* at 5). Therefore, Defendant argues that, despite ample opportunities to object to the missing line item on Plaintiff's Special Verdict Form, Plaintiff's counsel failed to do so and consequently waived any objections to the deficiency. (*Id.*).

The cases that Defendant cites are inapposite as they relate to Rule 49(b), which governs general verdicts. These cases hold that an issue on a general verdict form is waived if not raised before discharge of the jury. *See, e.g.*, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109–10 (9th Cir. 2001) ("During the three days that the jury deliberated, Deckers could have objected to problems with the form, but did not. Finally, Deckers could have objected after the verdict had been announced but before the jury was released. By waiting until post-trial motions to raise its specific contentions, Deckers prevented the court from correcting any problems ex ante and, for some of these contentions, prevented the development of an adequate record."); *Los Angeles Nut House v. Holiday Hardware Corp.*, 825 F.2d 1351, 1354 (9th Cir. 1987) (analyzing whether a party had waived its objection under Rule 49(b)). Defendant also cites *Home Indemnity Company v. Lane Powell Moss & Miller*, for the proposition that "[w]hen counsel is invited to consider whether or not to discharge the jury, counsel risks waiver of objections to any inconsistencies in the jury's findings if counsel does not raise the issue before the jury is excused." 43 F.3d 1322, 1331 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 14-5600-MWF (PLAx)                    Date:  March 1, 2016
Title:     Charles Antuna et al. -v- County of Los Angeles et al.

Cir. 1995). But it is unclear whether this case involved a special or general verdict form. *Id.* (citing to 9th Circuit and out-of-circuit case law regarding both special and general verdict forms).

Under Rule 49(a)(3), which governs special verdict forms, "[a] party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, ***before the jury retires***, the party demands its submission to the jury." Fed. R. Civ. P 49(a)(3) (emphasis added). Here, however, Plaintiff's counsel received a copy of the final Special Verdict Forms the morning the jury began to deliberate, which was already ***after the jury retired*** the previous weekday after hearing closing arguments. Therefore, Plaintiff's counsel did not have an opportunity to raise any potential objections before the jury retired under Rule 49(a)(3) even if counsel had noticed the deficiency in Plaintiff's Special Verdict Form immediately after receiving it. *Cf. Robinson v. Adams*, No. 1:08-CV-01380-AWI-BA, 2015 WL 3706388, at *2 (E.D. Cal. June 12, 2015) ("In this instance, during the course of trial, the Court held a conference for the sole purpose of addressing both the proposed verdict form and the jury instructions prior to closing arguments and submission to the jury. Plaintiff raised no objections to the special verdict form. Thus, any assertions of error in the special verdict form are untimely and have been waived.").

There is admittedly some confusion in the Ninth Circuit regarding whether a party waives his objections to a special verdict if it is not raised before the jury is discharged. For example, the Ninth Circuit has stated explicitly that "[s]pecial verdicts, such as the one in this case, are governed by Rule 49(a), which does not require objections before discharge of the jury." *Pierce v. S. Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir. 1987) (rejecting argument that an objection to a special verdict for being inconsistent, unclear, or ambiguous, must be made before the jury is discharged). On the other hand, the Ninth Circuit has suggested otherwise in two unpublished opinions. In the more recent unpublished opinion, the Ninth Circuit implied that counsel did not waive an issue regarding inconsistent special verdicts because "[t]he issue [had been] raised before the jury was excused" and "counsel did not affirmatively mislead the court." *Tritchler v. Cty. of Lake*, 232 F.3d 897, at *1 n.2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 14-5600-MWF (PLAx)      Date: March 1, 2016
Title:      Charles Antuna et al. -v- County of Los Angeles et al.

(9th Cir. 2000). In the other unpublished opinion, the Ninth Circuit held that a party had waived his objection to an inconsistent special verdict when he "failed to [insist on a detected] inconsistency after the polling was complete" and the "district court relied on his acquiescence" rather than taking "further steps such as instructing the jurors to deliberate further." *Smith v. Tow Boat Serv. & Mgmt., Inc.*, 66 F.3d 336, at *4–5 (9th Cir. 1995).

     Because the unpublished opinions have no precedential weight, the Court assumes that there remains a distinction between special verdicts and general verdicts. Under *Pierce*, a party does not waive his or her objections to a special verdict by not raising the objections before the jury is discharged. 823 F.2d at 1370. Therefore, under Rule 49(a), Plaintiff did not waive her objection to the Special Verdict Form when it was ***not*** feasible for her to raise the objection before the jury ***retired***. The Court notes that in *Pierce*, *Tritchler* and *Smith*, the objection arose from the jury's inconsistent answers to the special verdict questions, not the special verdict form itself. That distinction, however, does not seem a basis to distinguish the binding authority of *Pierce*.

## CONCLUSION

     The Court's intention was to allow the jury to consider non-economic compensation for Plaintiff in case the jury found in her favor on liability. Only a clerical error, for which the Court takes responsibility, frustrated the Court's intention. Therefore, in the interests of justice and in the absence of waiver, the Motion is **GRANTED**. In the absence of the parties' stipulation to an additur, a partial trial on the narrow issue of Plaintiff's non-economic damages is the best course of action. *See, e.g.*, *Wharf v. Burlington Northern R.R. Co.*, 60 F.3d 631, 638 (9th Cir. 1995) (no injustice resulting from retrial on damages only, without reopening liability issues, so long as the partial trial does not involve a tangled or complex fact situation that makes it unfair to determine damages apart from liability). The parties shall file a joint proposal on or before **March 14, 2016**, indicating the parties' positions on whether to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 14-5600-MWF (PLAx)          **Date:** March 1, 2016

Title:     Charles Antuna et al. -*v*- County of Los Angeles et al.

proceed with an additur, court trial, or jury trial on the narrow issue of Plaintiff Martinez's non-economic damages.

     IT IS SO ORDERED.